IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A.B. and D.B, Individually and as parents of C.B., a disabled minor, <br><br> Plaintiff, <br><br> v. <br><br> Brownsburg Community School Corporation <br><br> Defendant. | § § § § § § § § § § § |

**COMPLAINT**

Plaintiffs, by counsel, and for their Complaint against Defendants, allege:

**PRELIMINARY STATEMENT AND INTRODUCTION**

1. C.B. suffers from a generalized anxiety disorder, depression, and ADHD. His Parents' wanted him to receive special education and related services. Defendant Brownsburg Community School Corporation ("Defendant Brownsburg") refused to make him eligible for these services or to provide him special education. C.B.'s parents hired counsel in order for him to be deemed eligible and receive special education and related services. Now, Plaintiffs A.B. and D.B., individually and as parents of C.B., a disabled minor ("Plaintiffs" or "parents") bring this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. and Indiana law (511 IAC 7-45-11) to recover their reasonable attorney fees after successfully prosecuting two administrative hearings against Defendant Brownsburg, the result of which was a determination by an Independent Hearing Officer determining C.B.'s eligibility for special education and related services and an Individualized Education Plan ("IEP") as

1

guaranteed by the IDEA. Even though Plaintiffs substantially prevailed on their claims at the administrative hearing level, Defendant Brownsburg has stubbornly refused to pay the families reasonable attorney fees, necessitating this action.

## II. PARTIES

2. Plaintiffs are residents of Brownsburg, Indiana and the parents of a child with a disability, C.B. C.B. is an 8th grade child with a generalized anxiety disorder, depression, and ADHD. C.B. is a child with a disability as defined by 20 U.S.C. § 140(3)(A) and 34 CFR § 300.8. Plaintiffs have resided within the boundaries of Defendant Brownsburg at all times relevant to this action.

3. Defendant Brownsburg is an Indiana public school district that maintains its principal office in Hendricks County, Indiana. Defendant Brownsburg is a local educational agency as defined by the IDEA and is subject to the IDEA. Defendant Brownsburg is also subject to the Indiana State Board of Education's provisions at Article VII, 511 IAC 7-32 through 7-49. Defendant Brownsburg must comply with the IDEA and Article VII and identify and serve all children eligible under the IDEA in return for which it receives certain IDEA funds and state funds.

## III. JURISDICTION

4. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3)(A). To the extent Plaintiffs have pendent claims arising under state law, 511 IAC 7-45-11 permits a prevailing party to bring an action for attorney fees in state or federal court. Therefore, this Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## IV. VENUE

5. Venue is in this District pursuant to 28 U.S.C. § 1391(b).

## V. THE ADMINISTRATIVE PROCEEDINGS

A.  **DEFENDANT BROWNSBURG'S FAILURE TO FIND STUDENT ELIGIBLE**

6. C.B. has a long-standing history of mental health problems that have an adverse effect on his education. He suffers from Depression, ADHD and a Generalized Anxiety Disorder. On October 7th, 2019, the Plaintiffs filed Hearing Request HR-025-2020 ("Hearing 1"), with the Indiana Department of Education. Plaintiffs asked the Independent Hearing Officer (IHO) to find that C.B. was a child with a disability as defined in 34 CFR § 300.8; 511 IAC 7-40-6(a)(1) and eligible for special education and related services in accordance with 511 IAC 7-40-6(a)(1); 34 CFR § 300.8, and to ensure he had an Individualized Education Plan ("IEP") to govern his education as required by the IDEA. An IEP is a written statement outlining the child's unique needs, present levels of academic and functional performance, goals, modifications, accommodations, and services for the student. 20 U.S.C. §1414(d). The IEP is the "centerpiece" of the IDEA's education delivery system for disabled children. *Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S. Ct. 988, 994 (2017). Ultimately, on July 30, 2020, the IHO concluded that C.B. was an IDEA eligible student and ordered Defendant Brownsburg to hold a meeting to complete an IEP for him.  **(Exhibit A. Finding of Eligibility and Order on Case Conference)**

7. Defendant Brownsburg violated its statutory "Child find" duty required by the IDEA and Article 7. Child find is the affirmative, ongoing obligation of a school district to identify, locate, and evaluate all children with disabilities residing within the jurisdiction who are in need of special education and related services. 20 U.S.C. § 1412(a)(3); 34 CFR § 300.111 (a)(1)(i).

8. Before Hearing 1 was requested in 2020, Defendant Brownsburg had wholly failed to <u>ever</u> evaluate C.B.'s eligibility for special education and related services as required by the IDEA and Article 7.

9.  Notably, three years prior to the hearing request, as early as April 2017, Defendant Brownsburg was formally on notice of C.B.'s potential need for special education and related services because it had been provided a Social Emotional Screening which clearly demonstrated C.B.'s need for a full evaluation of his needs. significant levels of depression and a significantly poor ability to adapt to change. Further, C.B.'s medical providers had prescribed multiple anxiety medications, and ADHD medications for C.B. In addition to his mental health struggles within the school system, C.B. had intense academic struggles that went unaddressed by the School system.  He failed the state ISTEP English test two years in a row and only barely passed the ISTEP Math and Science sections. At all relevant times, Defendant Brownsburg had actual knowledge of C.B.'s disabilities and diagnoses, counseling, and medications, and the adverse effect of his disabilities on his education. Despite knowledge of C.B.'s mental health conditions and academic struggles, Defendant Brownsburg failed to evaluate C.B. for special education and offer him crucially necessary special education and related services. Plaintiff parents did their best to obtain services for C.B. on their own.

10. On or about September 27, 2019, the C.B. brought an unspent shotgun shell onto school property. C.B. turned the item into a school staff member less than one hour into the school day. No threats of any type were made with the shell. C.B. had no disciplinary history in the district at the time this occurred. Despite its institutional knowledge of C.B.'s mental health needs, and although the IDEA protects such children from usual disciplinary procedures, especially since Hearing 1 was pending, on October 10, 2019, Defendant Brownsburg expelled C.B. from school for the incident. 34 CFR § 300.534 (a).

11. On 11/1/2019 Plaintiffs filed a second Administrative Due Process HR-035-2020 ("Hearing 2") to challenge the expulsion of C.B., the failure of Defendant Brownsburg to correctly

4

determine whether C.B.'s disabilities were related to the incident, and the total lack of special education and services.

**B.    PLAINTIFFS' SETTLEMENT EFFORTS FROM OCTOBER 2019 FORWARD**

12.     As is common in cases of this nature, Plaintiffs' counsel made multiple efforts to resolve the matter without proceeding to the requested hearings. This is consistent with the IDEA which statutorily provides for three specific ways to resolve cases. The IDEA includes a mandatory resolution session whereby the parties sit down and try to "work it out." 20 U.S.C. § 1415(f)(1)(B). The IDEA provides a free mediation services for the parties to use. 20 U.S.C. § 1415(e). And, the IDEA includes a process whereby a school district can provide a written offer more than ten days before the proceeding is to commence. 20 U.S.C. 1415(i)(3)(D)(i)(I)-(III). This process is similar to Fed. Rules of Civil Procedure Rule 68, often referred to as a "ten-day offer" and can even allow the district to reduce its exposure for parents' attorney's fees.

13.     On October 15th, 2019, Plaintiffs' counsel sent Defendant Brownsburg's attorney the first of multiple letters over the next nine months requesting as a remedy that C.B. be deemed eligible for special education and related services and be provided an IEP. Each proposal from Plaintiffs' counsel was met with Defendant Brownsburg's counsel's refusing, on behalf of Defendant Brownsburg to deem C.B. eligible for special education and related services and to provide him an IEP. Defendant Brownsburg did not take advantage of the IDEA's resolution process, mediation system or the Rule 68, "ten-day offer" process to resolve the case.

**C.    THE IHO SCHEDULES THE TRIAL**

14.     The combined trial for Hearing 1 and Hearing 2 was scheduled for the month of April 2020. But on March 19th, 2020, Defendant Brownsburg's counsel Andrew Manna, ("Mr. Manna") requested that the hearing date be vacated and reset. The IHO reset the hearing for the week of

July 20, 2020. On July 12th, 2020, the IHO issued an order to the parties in preparation for the Hearing to be held the week of July 20th, 2020. The discovery deadline for the case was July 13th, 2020.

15. During a prehearing conference with counsel, the IHO had concluded that due to the COVID-19 pandemic the hearing would proceed by ZOOM, in part. The IHO ordered that the court reporter would be engaged to manage the technicalities of the electronic hearing. As school counsel are commonly responsible in these administrative hearings to arrange for the court reporter, the IHO also ordered Mr. Manna, Defendant Brownsburg's counsel, to contact the court reporter to call her (the IHO) to finalize the necessary technical arrangements for the ZOOM aspects of the hearing.

**D.    LACK OF HEARING: DEFENDANT BROWNSBURG'S COUNSEL'S FAILURE TO COMPLY WITH IHO ORDER, PROTRACTION BY DEFENDANT BROWNSBURG**

16. The IDEA cautions school districts from protracting special education disputes and provides that such protraction eliminates any reduction in attorneys' fees of the prevailing parent. 20 U.S.C. § 1415(i)(3)(G). Sadly, such protraction is precisely what Defendant Brownsburg and its counsel, Mr. Manna, did as detailed below.

17. Although Plaintiffs' counsel continued to encourage settlement, the parties had not reached a settlement as the July 20th, 2020 hearing week approached.

18. Therefore, consistent with the IHO's order, on July 13th, 2020, Plaintiffs' counsel supplied the IHO and Defendant Brownsburg's counsel with the Plaintiffs' witness list, exhibits list and exhibits, including expert reports.

19. On Monday, July 13th, at 4:43 p.m., with the week-long hearing scheduled to begin just four business days later, Defendant Brownsburg's attorney Manna filed a Motion for Dismissal or Final Decision. Defendant Brownsburg stated in the motion – <u>for the first time</u> --- that it would

grant C.B. IDEA eligibility. It also offered to hold a meeting to create an IEP for C.B. to include necessary services, such as counseling, a behavior plan and additional services (compensatory education).

20. Defendant Brownsburg's counsel then contacted Plaintiffs' to advise that Defendant Brownsburg would not develop an IEP for C.B. unless the Parents' signed a settlement agreement waiving the vast majority of their attorney's fees <u>or</u> the IHO issued an order requiring them to develop an IEP.

21. Defendant Brownsburg's counsel Mr. Manna then acted to delay and disrupt the July 20, 2020 proceeding for trial of both HR-025-2020 and HR-035-2020.  Mr. Manna stated in writing (email) that he was not going to prepare for the hearing. Further, Mr. Manna failed to retain a court reporter to connect with the IHO about the ZOOM aspects of the hearing, despite the IHO's order to do so.

22. On July 16th, the IHO vacated the hearing dates the week of July 20, 2020 as a direct result of the lack of a court reporter. In the same order, the IHO ordered Defendant Brownsburg's counsel Mr. Manna to show cause why sanctions should not be ordered against him personally for the lack of the court reporter arrangements as had been ordered. **(Exhibit B, Order vacating hearing dates and ordering sanctions).**

22. No hearing occurred the week of July 20, 2020.

23. As a result of the vacated hearing, Plaintiffs' unnecessarily incurred preparation time and cost for the hearing, including costs of already booked expert witnesses, and parent's time off of work.

24. On August 28th, 2020, after further briefing, the IHO sanctioned Defendant

Brownsburg's counsel Mr. Manna by ordering him to pay the sum of $500.00 to the Indiana Bar Foundation for his actions which prevented the hearing from taking place the week of July 20th, 2020. (**Exhibit C**, **Order on Order to Show Cause**).

### E. HEARING OFFICER ISSUES ORDER FOR SPECIAL EDUCATION ELIGIBILITY AND SERVICES

25. On July 30th, 2020, the IHO concluded that C.B. had an Emotional Disability and Other Health Impairment and found C.B. eligible for special education and related services under the IDEA and Article 7. Next, the IHO ordered Defendant Brownsburg to convene a case conference committee (IEP) meeting with the parent for the purpose of preparing an IEP for C.B. She also ordered that Defendant Brownsburg pay the fees of one of Plaintiffs' experts' choosing to attend the meeting where the IEP would be prepared. Finally, the IHO ordered that C.B. should begin receiving special education services as soon as the IEP could be completed and implemented. (**Exhibit C, Order on eligibility and to convene case conference**). This order also appears to suggest that the IHO assumed that Defendant Brownsburg would be providing all of the other "remedies" referenced in its motion to dismiss.

26. Following the July 30th, 2020 order, Plaintiffs requested assistance from the IHO regarding receipt of the IEP, and its implementation. The IHO stated that if there were disputes concerning the content of the IEP, an additional hearing should be requested. No new hearing has yet been requested.

27. Because no hearing was held at which evidence could be taken, the IHO did not rule on Plaintiff C.B.'s entitlement to an additional equitable relief known as compensatory education. Compensatory education are additional services that an IHO can order to help a child whose rights have been violated. Here, the reason for compensatory services was Defendant Brownsburg's delay in identifying C.B. for special education and related services. Defendant Brownsburg

discussed compensatory education services at the IEP meeting but no firm answer has been provided on same.

28. On August 28, 2020, Plaintiffs' counsel wrote to Defendant Brownsburg's counsel, Mr. Manna requesting that the IEP be amended to address various items that had been discussed but not resolved by the parties, including compensatory education. Neither Defendant Brownsburg or its counsel have even responded to the request to resolve these outstanding issues.

29. On August 30th, 2020, the IHO reaffirmed her award of sanctions against the Defendant Brownsburg's counsel, Mr. Manna, as well as her finding that C.B. was eligible for special education and related services. She then relinquished her jurisdiction and dismissed the case with prejudice. **(Exhibit D, Order of Dismissal)**

## VI.  PLAINTIFFS ARE A PREVAILING PARTY ENTITLED TO REASONABLE ATTORNEYS FEES

30. Plaintiffs prevailed in the administrative process below. In any action brought under the IDEA, a court may award reasonable attorney's fees to a prevailing party who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(i)(I), (C), (E), (F), and (G); and 34 CFR § 300.517(a)(1)(i).

31. Defendant Brownsburg has effectively and wholly conceded Plaintiffs' prevailing party and waived any ability to contest payment of reasonable attorneys' fees by its July 13, 2020 motion for dismissal and/or final decision in which it conceded to: 1) find C.B. eligible for special education and related services pursuant to the IDEA and Article 7; and 2) create an IEP, if so ordered by the IHO.

32. Under the Order, the Plaintiffs are the prevailing party because the order altered the legal relationship between Plaintiffs and Defendant Brownsburg in such a way as to benefit Plaintiff C.B. 20 U.S.C. 1415(i)(3)(B), and Article 7, 511 IAC 7-45-11. That is, as a result of the

hearing process and IHO's orders, C.B. became eligible for special education and related services and obtained an IEP to guide his education.

33. Further, Plaintiffs request a finding that Defendant Brownsburg violated 20 U.S.C. § 1415 because its counsel deprived Plaintiffs of an actual due process hearing wherein they could have obtained even more remedies, such as compensatory education. A due process hearing is a fundamental right under the IDEA and Article 7. But for the actions of Defendant Brownsburg's counsel Mr. Manna, the hearing would have proceeded.

34. Plaintiffs' efforts to obtain special education eligibility for C.B. and an IEP for him, both of which were ordered by the IHO make Plaintiffs the prevailing party under the IDEA and Article 7. Plaintiffs are therefore entitled to recover their reasonable attorneys' fees and recoverable costs in prosecuting the administrative matters, Hearing 1 and Hearing 2.

35. Plaintiffs current attorneys' fees to the date of this filing are $65,225.60. The attorneys' fees of Connell Michael Kerr, LLP and Massillamany, Jeter and Carson, LLP are respectively $51,038.60 and $14,187.00 in reasonable attorney fees.

36. Connell Michael Kerr, LLP is a law firm located in Carmel, Indiana and also has an office in Austin, Texas.  CMK is exceptionally suited to represent children with disabilities because of the experience of counsel Catherine Michael and Sonja Kerr, both of whom worked on this case.

37. Counsel Catherine Michael's hourly rate of $325.00 is reasonable given her knowledge and experience. Ms. Michael is a graduate of Indiana University law school and was admitted to the Indiana bar in 2000. She has over 20 years of experience in special education law, and is a frequent presenter on special education law at national conferences, such as COPAA (Council of Parent Attorneys and Advocates) and the William and Mary Law Institute of Special Education

Advocacy[1]. Ms. Michael has represented hundreds of children with disabilities in Indiana and also practices in Texas.

38. Counsel Sonja Kerr's hourly rate for the underlying administrative proceedings is $430.00 and is reasonable given her knowledge and experience. Ms. Kerr is a graduate of Indiana University law school in 1987 and has some 33 years of experience in special education law. She is the recipient of the Diana Lipton Award from the Council of Parent Attorneys and Advocates, a national recognition of her expertise. Ms. Kerr regularly practices at the hearing level, federal court and circuit level in Indiana, Texas, and has also represented families in Alaska, Pennsylvania and other states.

39. Counsel Thomas Blessing's hourly rate for the underlying administrative proceedings is $325.00 and is reasonable given his knowledge and experience. He was admitted to the Indiana bar in 1991 and is currently a member in good standing. He has devoted much of his practice to representing parents of students with disabilities in administrative, civil rights and personal injury actions against school corporations.

40. Despite prevailing in this case, on September 14, 2020, Plaintiffs' counsel forwarded a letter to Defendant Brownsburg's counsel, Mr. Manna requesting that the parties resolve the reasonable attorneys' fees for hearing 1 and hearing 2 without the necessity of this fees litigation. As of the date of this filing, Defendant Brownsburg's counsel has not responded to the letter. **(Exhibit E), Letter to counsel regarding fees**)

41. Since this matter is still pending, Plaintiffs continue to incur attorney fees and reserves

---

[1] See, https://law.wm.edu/academics/programs/jd/electives/clinics/specialed/isea/index.php.

the right to seek recovery of additional reasonable fees incurred after filing this Complaint for legal services rendered prosecuting this action.

## VI. VIOLATION OF PRIOR WRITTEN NOTICE

42. On August 28, 2020, Plaintiffs requested, by email to its counsel, Mr. Manna, that Defendant Brownsburg amend C.B.'s IEP. IEPs are frequently amended by parties for any number of reasons. In this case, Plaintiffs asked to include in the IEP various items the parties had been discussing in settlement but which were not finalized in any settlement and were not ordered by the IHO. These included payment for reimbursement for certain providers to help guide C.B.'s IEP team. It also included correction of C.B.'s disciplinary record, teacher training, and summer services during 2021 for C.B. Finally, C.B. asked for compensatory education of 150 hours. To date, Defendant Brownsburg's counsel has not even responded to this email. **(Exhibit F., Email about amending IEP).**

43. The IDEA requires a school district to respond to a request to change an IEP. 20 U.S.C. § 1415(b)(3) provides that whenever a school refuses to initiate or change the provision of a free appropriate public education to a child, the school must provide written prior notice. 20 U.S.C. § 1415(c) dictates that prior written notice must include a description of the action refused, an explanation of why and each document the school relied on for refusal, a statement that parents have protections, a description of other options considered and a description of any factors considered.

44. The IDEA demands that school districts respond to IEP change requests in a timely manner.

45. Given Defendant Brownsburg's failure to respond at all which is a direct violation of the IDEA, the Court should order the remedies requested.

## VII. CLAIM I. PURSUANT TO THE IDEA

1. Based upon the facts and circumstances noted above at Par. 1-45, Plaintiffs seek reasonable attorneys' fees and other relief pursuant to the IDEA, 20 U.S.C. §§1400, et seq., and specifically, 20 U.S.C. 1415 and Article 7.

2. Plaintiffs contend that they are entitled to additional relief since they were deprived of a full due process hearing and are entitled to compensatory education and other remedies as well as a result of Defendant Brownsburg's failure to provide Prior Written Notice.

## VIII. RELIEF SOUGHT

Plaintiffs respectfully requests the Court take jurisdiction and award the following relief:

1. Judgment in favor of Plaintiffs and against Defendant Brownsburg;

2. Order that Defendant Brownsburg pay for the modest changes to Petitioner's IEP requested on August 28, 2020, and compensatory education;

3. An award of reasonable attorney fees and costs incurred in prosecuting Hearing 1 and Hearing 2.

4. An award of reasonable attorney fees and costs, including the filing fee for this Court, incurred in prosecuting this action;

5. Pre- and post-judgment interest as allowed by law;

6. Costs of this action; and

7. All other relief reasonable in the premises.

Respectfully submitted,

*Catherine M. Michael*

Catherine M. Michael 22474-49
Sonja D. Kerr 11993-49
CONNELL MICHAEL KERR, LLP
550 Congressional Blvd., Suite 115
Carmel, IN 46032

T: 317.696.4159
F: 317.348.2916
catherine@cmklawfirm.com
sonja@cmklawfirm.com

/s/ Thomas W. Blessing
Thomas W. Blessing, 15696-49
11650 Lantern Road, Suite 204 Fishers, IN 46038
317/576-8580
317/203-1012 fax
tom@mjcattorneys.com

*Attorneys for Plaintiffs*